United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jesus Aldava-Pena, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-8487 |
| | § | |
| Todd Blanche, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Before the Court is Jesus Aldava-Pena's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Mexico, concedes that he illegally entered the United States in 2022. *Id.* ¶ 20. On or about September 8, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending his removal proceedings. *Id.* ¶ 24. Petitioner remains in the custody of Respondent Warden of the Joe Corley Processing Center in Conroe, Texas. *Id.* ¶ 7. Petitioner filed this Petition asserting that his current detention violates substantive and procedural due process. *Id.* ¶¶ 42–54.

---

[1] The Petition names Patrick Contreras in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Contreras ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[2]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.

On October 23, 2026, the Fifth Circuit issued a separate *en banc* decision regarding the constitutionality of detention under § 1225(b)(2)(A). *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). There, the Fifth Circuit held that neither procedural nor substantive due process requires a bond hearing or other process beyond that provided by Congress for aliens in removal proceedings who have never been

---

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

admitted to the United States. *Id.* at *5, *9–12. Indeed, for such aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). When rejecting the petitioners' substantive due process claims, the Fifth Circuit flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *11. Further, the Fifth Circuit addressed the duration of detention without a bond hearing that is constitutionally permissible under § 1225(b)(2)(A): "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, the Fifth Circuit's decisions in *Buenrostro-Mendez* and *Sosnava Rodriguez* resolve any claims in the Petition that Petitioner's present detention violates the INA or the Fifth Amendment's Due Process Clause.[3]

Because Petitioner exclusively asserts grounds for relief that are resolved to the contrary in the above-cited decisions, it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

---

[3] Although these decisions do not disturb the due process constraints articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001) regarding the presumptively constitutional six-month period of post-removal order detention, Petitioner is not yet subject to a final order of removal.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 9th of November, 2026.

Nicholas J. Ganjei
United States District Judge